IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-20990
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO DANIEL CONCHAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-326-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Daniel Conchas appeals the 262-month sentence imposed following his plea of guilty to one count of conspiracy to possess more than five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841, 846. Finding no error, we affirm.

Conchas first challenges the district court's determination of the amount of cocaine attributable to him, specifically challenging the estimate by co-defendant Jose DeJesus Rodriguez that he supplied Conchas with 20 kilograms

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine. Conchas also contends that the district court's reliance on Rodriguez's estimate violates the Sixth Amendment rule of United States v. Booker, 543 U.S. 220 (2005), because it was not based on facts admitted by Conchas or found by a jury beyond a reasonable doubt.

Booker eliminated any Sixth Amendment error caused by judicial factfinding with respect to sentencing determinations by rendering the Sentencing Guidelines advisory rather than mandatory. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Thus, district courts continue to find all facts relevant to sentencing by a preponderance of the evidence. See Mares, 402 F.3d at 519. Conchas's constitutional challenge is without merit. See United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, 547 U.S. 1199 (2006).

To the extent that Conchas contends that the evidence was not sufficiently reliable to support the drug quantity calculation, given the general reliability of the presentence report and the lack of any rebuttal evidence, we find no clear error. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). Even if there were error, it was harmless, given the district court's statement that it would have imposed the same sentence of 262 months in prison had it sustained the objection to drug quantity.

We also reject Conchas's challenge to the imposition of a four-level enhancement under U.S.S.G. § 3B1.1. There was sufficient unrebutted evidence in the PSR to show that Conchas had a significant role in the operation and directed and coordinated the activities of others. Accordingly, the district court did not commit clear error. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005).

For the reasons discussed with respect to drug quantity, Conchas's constitutional challenge to the leadership enhancement is without merit. Given our conclusion regarding the § 3B1.1 enhancement, Conchas's contention that

he is entitled to a "safety valve" reduction pursuant to U.S.S.G. § 5C1.2 necessarily fails.

For the foregoing reasons, the judgment of the district court is AFFIRMED.